# Exhibit B

# Expert Testimony in North Carolina

The practice of engineering in North Carolina for projects or testimony impacting the public in North Carolina requires that the individual and company must be licensed in North Carolina. The following is from my previous email responses and should serve to answer the question. It is a general statement addressing various aspects of the topic and may need updating or tailoring to fit specific facts. It is important to understand that it is the determination of the Courts as to what testimony is accepted into court. The Board addresses the practice of engineering issues separate from a court determination of what is admissible in court. I have provided this information in response to questions from attorneys who are proposing to use an expert witness or are questioning the use by the opposing side. To date there have been no challenges to the information.

Our Board considers that any testimony that requires engineering knowledge to adequately provide and to protect the public falls with the definition of the practice of engineering and requires a NC PE license

Here are some of my previous comments on the topic of Engineering Testimony in North Carolina. For a more complete information on the topic, an individual can compare the NC specific statute and rule provisions to those for providing expert testimony in other States and to the NCEES Model Law and Model Rules.

1. The "practice of engineering" that is prohibited by unlicensed persons in North Carolina under General Statute G.S. 89C-23 is defined in G.S. 89C-3(6) to include "Any service or creative work, the adequate performance of which requires engineering, training, and experience, in the application of special knowledge of the mathematical, physical, and engineering sciences to such services …" The "practice of land surveying" that is prohibited by unlicensed persons is defined in G.S. 89C-3(7) to include "Providing professional services such as consultation, investigation, testimony, evaluation, planning, mapping, assembling, and interpreting reliable scientific measurements and information relative to the location, size, shape, or physical features of the earth …" Giving expert witness testimony on engineering or land surveying matters in the courtroom, in arbitrations or during depositions falls within the defined professional practice. Both definitions in North Carolina follow very closely the Model Law as published by the National Council of Examiners for Engineering and Surveying (NCEES). The Board's definition of the "practice of land surveying" was revised several years ago to reflect the practice more accurately and at that time added the specific "testimony" language whereas, the definition of the "practice of engineering" has not been revised.

2. In addition to the definition of land surveying specifically including testimony ("expert technical testimony" in the NCEES Model Law), the definition of engineering includes testimony if engineering education, training or experience is required to render the testimony. Further, the Board Rules as codified in the North Carolina Administrative Code in Title 21, Chapter 56 includes testimony as part of the practice of engineering when it addresses in Rule 56.0701(d) that "The licensee shall issue public statements only in an objective and truthful manner and: … (2) "When serving as an expert or technical witness before any court, commission, or other tribunal, shall express an opinion only when it is founded upon adequate knowledge of the facts in issue, upon a background of technical competence in the subject matter, and upon honest conviction of the accuracy and propriety of the licensee's testimony."

3.  With the separation of powers, it is true that our Board in its role cannot dictate what the judicial branch of government can do.  The court may allow testimony from unlicensed persons without it being considered a determination that the person has not practiced engineering.  The court tends to allow a wide range of evidence and testimony that must then be rebutted or the credibility be attacked.   Any action the Board takes does not negate what is done by the court.  It is also difficult for testimony to be rendered without a work product of drawings, letters or report being done.  That is more clearly evidence of the practice of the profession.  The line then becomes difficult to draw if part is practice and part is not.

4.   Testifying to the standard of care of an engineer appears to fall within the practice of engineering.  How can an individual testify to the standard of care unless that individual is capable of meeting that standard of care and knowing what is involved from an engineering standpoint?  Isn't it saying that certain calculations, methods, investigation, etc. are required to meet the standard of care and whether those have been adequately performed?

5.  The Board has proceeded against unlicensed individuals, including those licensed in other states but not in NC, for the unlicensed practice of engineering.  The Board has also disciplined PEs for failing to be truthful and objective in testimony both in court and in depositions.

6.  There is nothing in writing, as such, as to testimony on scheduling or defect issues.  if it fits within the definition of engineering then it would require a PE.  Provided there is no holding out of engineering expertise, such as representation of engineering credentials, and it is not using engineering education to analyze or make recommendations or comments, then testifying to scheduling can be provided by individuals with construction or scheduling knowledge.  Schedulers are often not typically PEs.  As to defects, provided there is no holding out of engineering expertise, such as representation of engineering credentials, and it is not using engineering education to analyze or make recommendations or comments, then testifying as to observed defects from construction or other knowledge may not require a PE license.  An example is noting that there is a crack in a foundation as opposed to stating that the crack is a structural defect.  Certainly, there are areas to which a contractor can testify that would not require a PE license, such as a defective or cut joist.  The Board has also dealt with these issues arising in the context of reports of licensed Home Inspectors.

Please understand that this in my understanding of the Board's position.  We extend an offer for individuals, whether licensees, attorneys, or members of the public, to request that any specific questions be submitted to the Board for their definitive position.

David S. Tuttle

Board Counsel

As of 2/4/21