IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:21-cv-00106-M

| | |
|---|---|
| WAYNE NUTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANDREW L. RITTER, in his official ) | |
| capacity as Executive Director of the ) | |
| North Carolina Board of Examiners for ) | |
| Engineers and Surveyors; and JOHN ) | **DEFENDANTS' RESPONSE TO** |
| M. LOGSDON, JONATHAN S. CARE, ) | **PLAINTIFFS' LR 56.1** |
| DENNIS K. HOYLE, RICHARD M. ) | **STATEMENT OF UNDISPUTED** |
| BENTON, CARL M. ELLINGTON, JR, ) | **MATERIAL FACTS** |
| CEDRIC D. FAIRBANKS, BRENDA L. ) | |
| MOORE, CAROL SALLOUM, and ) | |
| ANDREW G. ZOUTWELLE, in their ) | |
| official capacities as members of the ) | |
| North Carolina Board of Examiners for ) | |
| Engineers and Surveyors, ) | |
| ) | |
| Defendants. ) | |

NOW COMES Defendants, through counsel, and provides the following Response to Plaintiff's LR 56.1 Statement of Undisputed Material Facts:

1. Disputed. Wayne Nut is not a licensed engineer in North Carolina. It is undisputed that Wayne Nutt has a degree in engineering and worked as an unlicensed chemical engineer at DuPont.

2. Not disputed.

3. Disputed that Wayne Nutt is a licensed chemical engineer. Otherwise, not disputed.

1

4. Disputed. It is not disputed that Wayne Nutt has formal training in the field of chemical engineering and that he calls himself a chemical engineer

5. Disputed for lack of information as to "design" experience and responsibility. Otherwise, not disputed.

6. Disputed. It is undisputed that Wayne Nutt oversaw construction, installation, and repair of piping on equipment and related systems inside a plant or building.

7. Disputed. It is not disputed that chemical plants are open to the weather and that Wayne Nutt worked in this environment. It is further not disputed that chemical plants have systems to handle rain and water activated by fire alarms.

8. Disputed for lack of information.

9. Not disputed.

10. Disputed on the use of the term engineer and whether the vast majority individuals working as a chemical engineer have a professional license. It is not disputed that Wayne Nutt has never been a licensed professional engineer. It is further not disputed that Wayne Nutt worked under the industrial exception while employed at DuPont.

11. Not disputed.

12. Not disputed.

13. Not disputed that Wayne Nutt has testified on engineering related matters as a concerned citizen.

14. Disputed for lack of information.

15. Disputed for lack of information.

16. Disputed for lack of information.

17. Disputed for lack of information.

18. Disputed for lack of information.

19. Disputed for lack of information.

20. Disputed for lack of information.

21. Disputed for lack of information.

22. Disputed for lack of information.

23. Not disputed.

24. Not disputed.

25. Not disputed.

26. Not disputed.

27. Not disputed.

28. Not disputed that Wayne Nutt worked as a designated expert witness on engineering matters for both North Carolina individual Plaintiffs and their lawyers in a lawsuit identified as *Jackie W. Autry, et al. v. Bill Clark Homes, LLC, et al, New Hanover County Superior Court, File Number 19 CVS 4520.*

29. Disputed for lack of information.

30. Disputed for lack of information.

31. Disputed for lack of information.

32. Disputed.

33. Disputed as to the work performed by Wayne Nutt in the *Autry* litigation. It is not disputed that Wayne Nutt provided his work product (results) to John Oglesby. As to the Wayne Nutt's understanding, it is disputed for lack of information.

34. Disputed.

35. Not disputed that Wayne Nutt prepared a report dated January 29, 2021, the referenced report speaks for itself.

36. Not disputed.

37. Not disputed that Oglesby and Nutt were designated as expert witnesses in the Autry litigation. A copy of the Designation of Experts speaks for itself. Otherwise, disputed.

38. Not disputed, the testimony of Oglesby speaks for itself.

39. Not disputed, the testimony of Oglesby speaks for itself.

40. Not disputed.

41. Disputed for lack of information.

42. Disputed as to any assertions made by counsel for Defendants in the Autry case, the referenced deposition testimony of Wayne Nutt speaks for itself.

43. Disputed for lack of information as to the legal judgments made by attorney Kyle Nutt or his views on the rules of professional responsibility. It is admitted that licensed attorneys, like licensed engineers, operate under rules of professional responsibility. It is undisputed that Kyle Nutt contacted the Board.

44. Disputed. It is not disputed that the long standing position of the Board is expressed in the Expert Testimony in North Carolina document. It is further not disputed that the Board cannot dictate what the judicial branch of government can do and any decision to allow in-court testimony is within the authority of the Court and the Board will not, and has not, interfered with any Court's determination as to who is qualified to testify as an expert witness.

45. Not disputed, the referenced document speaks for itself. It is further not disputed that the Board cannot dictate what the judicial branch of government can do and any decision to allow in-court testimony is within the authority of the Court and the Board will not, and has not, interfered with any Court's determination as to who is qualified to testify as an expert witness.

46. Not disputed, the referenced documents speak for themselves. It is further not disputed that the Board cannot dictate what the judicial branch of government can do and any decision to allow in-court testimony is within the authority of the Court and the Board will not, and has not, interfered with any Court's determination as to who is qualified to testify as an expert witness.

47. Disputed. It is not disputed that the long standing position of the Board is expressed in the Expert Testimony in North Carolina document. It is further not disputed that the Board cannot dictate what the judicial branch of government can do and any decision to allow in-court testimony is within the authority of the Court and the Board will not, and has not, interfered with any Court's determination as to who is qualified to testify as an expert witness.

48. Disputed. It is not disputed that the long standing position of the Board is expressed in the Expert Testimony in North Carolina document. It is further not disputed that the Board cannot dictate what the judicial branch of government can do and any decision to allow in-court testimony is within the authority of the Court and the Board will not, and has not, interfered with any Court's determination as to who is qualified to testify as an expert witness.

49. Disputed. It is not disputed that the long standing position of the Board is expressed in the Expert Testimony in North Carolina document. It is further not disputed that the Board cannot dictate what the judicial branch of government can do and any decision to allow in-court testimony is within the authority of the Court and the Board will not, and has not, interfered with any Court's determination as to who is qualified to testify as an expert witness.

50. It is not disputed that the long standing position of the Board is expressed in the Expert Testimony in North Carolina document. It is further not disputed that the Board cannot dictate what the judicial branch of government can do and any decision to allow in-court testimony is within the authority of the Court and the Board will not, and has not, interfered with any Court's determination as to who is qualified to testify as an expert witness.

51. Not disputed, the referenced documents speak for themselves.

52. Not disputed, the referenced documents speak for themselves.

53. Disputed. It is not disputed that the long standing position of the Board is expressed in the Expert Testimony in North Carolina document. It is further not

6

Case 7:21-cv-00106-M   Document 51   Filed 05/20/22   Page 6 of 14

disputed that the Board cannot dictate what the judicial branch of government can do and any decision to allow in-court testimony is within the authority of the Court and the Board will not, and has not, interfered with any Court's determination as to who is qualified to testify as an expert witness.

54. Disputed. It is not disputed that the Board cannot dictate what the judicial branch of government can do and any decision to allow in-court testimony is within the authority of the Court and the Board will not, and has not, interfered with any Court's determination as to who is qualified to testify as an expert witness.

55. Disputed as to the characterization of that nature of questioning by Defendants' counsel. It is not disputed that the deposition was suspended. It is also not disputed that Kyle Nutt contacted the Board.

56. Not disputed that David Tuttle emailed Kyle Nutt on March 8, 2021, attaching the document identified as Exhibit B to the Complaint, the email speaks for itself. A copy of both the March 8, 2021 email from David Tuttle to Kyle Nutt and the response provided by Kyle Nutt is attached as **Exhibit D** to Defendants' Answer and Counterclaim.

57. Not disputed that David Tuttle emailed Kyle Nutt on March 8, 2021, attaching the document identified as Exhibit B to the Complaint. As to whether the document entitled "Expert Testimony in North Carolina" is substantially similar to the explanations provided by the Board in Appendix Exhibits 14-23, the documents speak for themselves. It is further not disputed that the long standing position of the Board is expressed in the Expert Testimony in North Carolina document. It is further

7

Case 7:21-cv-00106-M    Document 51    Filed 05/20/22    Page 7 of 14

not disputed that the Board cannot dictate what the judicial branch of government can do and any decision to allow in-court testimony is within the authority of the Court and the Board will not, and has not, interfered with any Court's determination as to who is qualified to testify as an expert witness.

58. Not disputed that the Expert Testimony document speaks for itself. Any characterization of that document is disputed. As to whether the document entitled "Expert Testimony in North Carolina" is similar to the explanations provided by the Board in Appendix Exhibits 16 and 7, the documents speak for themselves. It is further not disputed that the long standing position of the Board is expressed in the Expert Testimony in North Carolina document. It is further not disputed that the Board cannot dictate what the judicial branch of government can do and any decision to allow in-court testimony is within the authority of the Court and the Board will not, and has not, interfered with any Court's determination as to who is qualified to testify as an expert witness.

59. It is not disputed that the long standing position of the Board is expressed in the Expert Testimony in North Carolina document. It is further not disputed that the Board cannot dictate what the judicial branch of government can do and any decision to allow in-court testimony is within the authority of the Court and the Board will not, and has not, interfered with any Court's determination as to who is qualified to testify as an expert witness.

60. Not disputed that the Expert Testimony document speaks for itself. Any characterization of that document is disputed.

61. Not disputed.

62. Not disputed.

63. Not disputed.

64. Disputed. It is not disputed that David Tuttle briefed the engineering committee of the Board on the Testimony Question, briefed the engineering committee on the arguments made by Kyle Nutt about whether work as an expert witness on engineering matters is considered the practice of engineering. It is further not disputed that the engineering committee was not asked to address the facts of the specific matter but only the general question. It is further not disputed that on May 10, 2021, the engineering committee of the Board concurred with the prior response provided by David Tuttle.

65. Not disputed.

66. Not disputed.

67. Not disputed.

68. Disputed for lack of information.

69. Disputed for lack of information.

70. Not disputed.

71. The first part of paragraph 71 is disputed for lack of information. It is not disputed that the *Autry* case was dismissed by the trial court. The remaining part of paragraph 71 is disputed for lack of information.

72. Not disputed.

73. Not disputed, the referenced letter speaks for itself.

74. Not disputed, the referenced letter speaks for itself.

75. Disputed for lack of information.

76. Disputed for lack of information. Not disputed that the letter issued to Wayne Nutt dated July 15, 2021 is a public record and can be found on the Board's website.

77. Disputed for lack of information.

78. Disputed.

79. Disputed.

80. Not disputed.

81. Paragraph 81 contains legal citations to which no response is necessary. If so, the cited statutes speak for themselves. Otherwise, disputed as to any characterization of the statutory law cited.

82. Disputed. Not disputed that the Board takes the position that Wayne Nutt may practice engineering. It is further not disputed that the Board a counterclaim, the counterclaim speaks for itself.

83. Not disputed.

84. Disputed as to the characterization of the testimony of Stacey Smith. Not disputed that the Board's expert concluded that the work completed by Wayne Nutt as a designated expert witness was the practice of engineering. Not disputed that the referenced deposition testimony of Stacey Smith speaks for itself.

85. Disputed as to the characterization of the testimony of Stacey Smith. Not disputed that the Board's expert opined that the work completed by Wayne Nutt

as a designated expert witness involved stormwater management engineering, an area Wayne Nutt admitted he was not qualified to evaluate.

86. Paragraph 86 contains legal citations to which no response is necessary. If so, the cited statutes speak for themselves. Otherwise, disputed as to any characterization of the statutory law cited.

87. Not disputed.

88. Disputed.

89. Not disputed as to the first part of paragraph 89. As to the second part of paragraph 89, it is not disputed that the long standing position of the Board is expressed in the Expert Testimony in North Carolina document. It is further not disputed that the Board cannot dictate what the judicial branch of government can do and any decision to allow in-court testimony is within the authority of the Court and the Board will not, and has not, interfered with any Court's determination as to who is qualified to testify as an expert witness.

90. Disputed as to the characterization of the testimony. The testimony speaks for itself. It is undisputed that one state interest for prohibiting the unauthorized practice of engineering is a concern that the unlicensed person is not competent and that this is a matter of public concern as set forth by the Legislature in the Act.

91. Not disputed as to the unauthorized practice of engineering. As to the referenced testimony, it speaks for itself. It is further not disputed that the long standing position of the Board is expressed in the Expert Testimony in North

Carolina document. It is further not disputed that the Board cannot dictate what the judicial branch of government can do and any decision to allow in-court testimony is within the authority of the Court and the Board will not, and has not, interfered with any Court's determination as to who is qualified to testify as an expert witness.

92. Disputed.

93. Disputed.

94. Disputed.

95. Disputed.

96. Not disputed, the testimony speaks for itself.

97. Not disputed, the testimony speaks for itself.

98. Disputed.

99. Not disputed, the referenced testimony speaks for itself.

100. Disputed.

101. Not disputed.

102. Disputed.

103. Not disputed.

104. Disputed as the characterization the testimony. Not disputed as to the referenced testimony – it speaks for itself.

105. Disputed as the characterization the testimony. Not disputed as to the referenced testimony – it speaks for itself.

106. Paragraph 106 contains legal citations to which no response is necessary. If so, the cited cases and statutes speak for themselves.

107. Paragraph 107 contains legal citations to which no response is necessary. If so, the cited cases speak for themselves.

Respectfully submitted this the 20th day of May, 2022.

FITZGERALD HANNA & SULLIVAN, PLLC

/s/ Douglas W. Hanna
Douglas W. Hanna, NCSB #18225
M. Todd Sullivan, NCSB #24554
3737 Glenwood Avenue, Suite 375
Raleigh, NC 27612
Telephone: (919) 863-9091
Facsimile: (919) 863-9095
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' LR 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

W. Cory Reiss, Reiss & Nutt, PLLC, wcreiss@reissnutt.com

Robert J. McNamara, Institute for Justice, rmcnamara@ij.org

Joseph Gay, Institute for Justice, jgay@ij.org

This the 20th day of May, 2022.

    /s/ Douglas W. Hanna
    Douglas W. Hanna, NCSB #18225