IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:21-cv-00106-M

| | |
|---|---|
| WAYNE NUTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ANDREW L. RITTER, in his official | ) |
| capacity as Executive Director of the | ) |
| North Carolina Board of Examiners for | ) |
| Engineers and Surveyors; and JOHN | ) **DEFENDANTS' RESPONSE TO** |
| M. LOGSDON, JONATHAN S. CARE, | ) **PLAINTIFF'S MOTION FOR** |
| DENNIS K. HOYLE, RICHARD M. | ) **ATTORNEYS' FEES** |
| BENTON, CARL M. ELLINGTON, JR, | ) |
| CEDRIC D. FAIRBANKS, BRENDA L. | ) |
| MOORE, CAROL SALLOUM, and | ) |
| ANDREW G. ZOUTWELLE, in their | ) |
| official capacities as members of the | ) |
| North Carolina Board of Examiners for | ) |
| Engineers and Surveyors, | ) |
| | ) |
| Defendants. | ) |

Defendants hereby submit this response to Plaintiff's Motion for Attorney's Fees.

## **LEGAL STANDARD**

This court may award reasonable attorney's fees to the prevailing party in a § 1983 action. *Hudson v. Pittsylvania Cry.*, 774 F.3d 231, 236-37 (4th Cir. 2014) (citing 42 U.S.C. § 1988(b)). A reasonable fee is that which "is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny*, 559 U.S. 542, 552 (2010).

1

The proper calculation of a reasonable attorneys' fee award involves the following three step process: (1) the court must "determine [the] lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate"; (2) the court must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones"; and (3) the court should award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Doe v. Kidd*, 656 F. App'x 643, 651-52 (4th Cir. 2016). In this case, only the first step is at issue.

To make a proper determination on step one, the court applies the following twelve *Johnson* factors: "(1) [t]he time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases." *Id.*

With respect to the "reasonable rate" determination, the calculation is based on the prevailing market rate for similar work in the relevant community. *Id.* at 653-54. As the fee applicant, Plaintiff bears the burden and "is obliged to show that the

requested hourly rates are consistent with 'the prevailing market rates in the relevant community for the type of work for which he seeks an award.'" *Id.* at 654.

## **PLAINTIFF'S CLAIM FOR FEES**

Plaintiff's legal team consisted of three lawyers and three paralegals[1]. Plaintiff's motion seeks an attorneys' fee award based on the following hours and rates:

1. Attorney Robert McNamara, Institute of Justice: 152.4 hours at $750 per hour. [ECF Doc. 68 at p. 10].

2. Attorney Joseph Gay, Institute of Justice: 270.6 hours at $750 per hour. [ECF Doc. 68 at p. 10].

3. Attorney W. Cory Reiss, Reiss & Nutt, PLLC: 5.7 hours at $300 per hour. Defendants challenge both the total hours and hourly rate claimed for attorneys McNamara and Gay. [ECF Doc. 68 at p. 10].

Defendants do not challenge the number of hours of attorney W. Cory Reiss. Moreover, for the reasons set forth in the affidavit of W. Cory Reiss and declaration of Don T. Evans, Jr., Defendants accept the prevailing rate of $300 requested by W. Cory Reiss. Attorney Reiss stated that his hourly rate of $300 was well within or below the prevailing norm in this region and consistent with published rates for consumer law. [ECF Doc. 67-8 at ¶ 5]. Attorney Reiss further stated that he has "significant experience in complex litigation" and that his experience enabled him "to

---

[1] Defendants do not challenge the hours or rates involving paralegals Maxwell Odynski, Molly Hanis and Kendall Morton.

assist lead counsel to navigate the complex legal and factual issues in this case[.]" [ECF Doc. 67-8 at ¶ 9]. In support of Plaintiff's motion, attorney Reiss stated that the median attorney rate in eastern North Carolina for attorneys practicing consumer law was $300 per hour and that, based on his experience, "practitioners of consumer law in this region also handle matters substantially similar to the work [Reiss] performed in this case" and the $300 hourly rate was "consistent with my investigation of hourly rates in this region for the type of work performed in this matter." [ECF Doc. 67-8 at ¶ 7].

For the reasons stated below, Defendants oppose, in part, the amount of the proposed fee award for attorneys Robert McNamara and Joseph Gay.

## **ARGUMENT**

### **I. THE TIME CLAIMED BY ATTORNEYS MCNAMARA AND GAY IS EXCESSIVE ON THE TASKS IDENTIFIED IN THE TIME RECORDS**

#### **A. MULTIPLE ATTORNEYS ATTENDING AND BILLING FOR DEPOSITIONS AND COURT HEARING**

Plaintiff seeks to recover for multiple attorneys attending depositions and court hearings. The following time entries are excessive, redundant, or otherwise unnecessary:

1. Robert McNamara time entry on 2/8/22 for attending deposition as a second-chair attorney in the amount of **5.5 hours**. [ECF Doc. 67-3 at p. 3].

2. Robert McNamara time entry on 3/30/22 for attending Plaintiff's deposition as second-chair attorney in the amount of **2.3 hours**. [ECF Doc. 67-3 at p. 3].

3. Joseph Gay time entry on 10/19/23 for attending court hearing as second-chair attorney in the amount of **3.0 hours**. [ECF Doc. 67-7 at p. 3].

B. **TIME BILLED ON DRAFTING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS IS EXCESSIVE**

Plaintiff seeks to recover for excessive attorney time billed to draft Plaintiff's First Set of Interrogatories and Request for Production of Documents, a copy of which is attached hereto as **Exhibit A**. On this task, Defendants do not take issue with the time billed by attorney McNamara on reviewing the draft interrogatories and request for production of documents. However, Attorney Gay billed 13 hours and 35 minutes in September 2021 to draft the initial set of discovery. [ECF Doc. 67-7 at p. 2]. The time billed on this task is excessive. Based on a review of Exhibit A, Defendants contend that the time billed in September 2021 to draft the initial set of discovery should be reduced to 8 hours – one working day (deduction of **5.6 hours**).

C. **TIME BILLED ON PREPARING FOR THE RULE 30(b)(6) DEPOSITION AND THE DEPOSITION OF DEFENDANT'S EXPERT WITNESS IS EXCESSIVE**

Plaintiff seeks to recover for excessive attorney time billed to prepare for the Rule 30(b)(6) deposition of the Board and the Defendants' expert witness. In January 2022 and February 2022, attorney Gay billed 32 hours and 45 minutes to prepare for the depositions. [ECF Doc. 67-7 at pp. 2-3]. The time billed on this task is excessive and should be reduced to 16 hours – two working days (deduction of **16.7 hours**).

D. **TIME BILLED ON DRAFTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT DOCUMENTS IS EXCESSIVE**

5

Plaintiff seeks to recover for excessive attorney time billed to draft Plaintiff's Motion for Summary Judgment and the supporting documents. Based on the time entries, it appears that attorney Gay prepared the initial draft of the summary judgment materials and attorney McNamara provided revisions. In April 2022, attorney Gay billed 77 hours on Plaintiff's Motion for Summary Judgment and the supporting materials. [ECF Doc. 67-7 at p. 3]. This time does not include the opposition brief or the reply brief.[2] With respect to the revisions, attorney McNamara billed 18.4 hours in April 2022. [ECF Doc. 67-3 at p. 3]. In total, Plaintiff's counsel billed 95.4 hours to draft the initial summary judgment materials. The time billed on this task is excessive. A reasonable amount of time would not exceed four business days for attorney Gay (32 hours) and two business days for revisions by McNamara (16 hours). The time entries for this task should be reduced to 48 hours (deduction of **47.4 hours**).

### E. SUMMARY OF DEDUCTIONS REQUESTED BY DEFENDANTS

"In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise uncecessary.'" *Kidd*, 656 F. App'x at 656 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Based on the above, Defendants respectfully submit that that the court should exclude the following hours as excessive, redundant, or otherwise unnecessary: (1) multiple attorneys attending the same event: **10.8 hours**; (2) excessive time billed on draft initial discovery: **5.6 hours**; (3) excessive time billed

---

[2] Defendants do not take issue with the time billed on the opposition brief and reply brief.

6

preparing for depositions: **16.7 hours**; and (4) excessive time billed for drafting summary judgment documents: **47.4 hours**.

## II. THE HOURLY RATE CLAIMED BY ATTORNEYS MCNAMARA AND GAY FAR EXCEEEDS THE PREVAILING RATE

The prevailing market rate for similar work in the district (relevant community) is $350 per hour. Defendants oppose the application for hourly rates claimed by attorneys Robert McNamara and Joseph Gay.

Plaintiff bears the burden of establishing the prevailing market rate for similar work in the relevant community. Plaintiff claims an extraordinary hourly rate of $750 for attorneys McNamara and Gay based on the declaration of Patrick Mincey. [ECF Doc. 68 at p. 5]. Attorney Mincey practices law at the law firm of Cranfill Sumner LLP, chairing both the firm's White Collar, Government Investigations & Special Matters Practice Group and the firm's Administrative, Regulatory & Government Law Group. [ECF Doc. 67-9 at ¶ 3]. Attorney Mincey reviewed the declarations of attorneys McNamara and Gay and anchored his opinion on McNamara and Gay's experience. Specifically, the following opinion was provided: "Based upon my knowledge of the local legal market, it is my opinion that a reasonable range of hourly rates for an attorney of Messrs. McNamara's and Gay's experience would be $750 to $795 per hour." [ECF Doc. 67-9 at ¶ 7]. Yet, the Mincey declaration does not specifically identify the prevailing market rate for similar work in the relevant community. To the extent that Plaintiff seeks to convert the opinion limited to the experience level of a specific attorney to the prevailing market rate, such an opinion, while not specifically stated in the Mincey declaration, would conflict

7

with the opinion offered by attorney W. Corey Reiss (median attorney rate of $300). [ECF Doc. 67-8 at ¶ 7]. In short, Plaintiff cannot meet his burden that the prevailing market rate for similar work in this district is $750 per hour.

Plaintiff appears to be seeking an hourly rate based on rates charged in Washington D.C. Yet, Plaintiff does not seek a fee enhancement based on the undesirability of the case with the Eastern District legal community. Indeed, Plaintiff retained local counsel to assist in the case and, presumably, the firm of Nutt & Reiss, PLLC was an option to file the case. The hourly rate claimed by W. Corey Reiss ($300) is consistent with the prevailing rate for similar work in this district.

Defendants contend that the prevailing rate for similar work in this district equals $350 per hour. In support of this contention, Defendants submit the declaration of Don T. Evans, Jr., Managing Partner of the law firm of Clark, Newton & Evans, P.A., a copy of which is attached hereto as **Exhibit B**. Mr. Evans has almost 30 years of litigation experience and focuses his practice on complex litigation matters. [Ex. B at ¶ 3]. Based on his experience practicing in this district, Mr. Evans is familiar with both the experience level and rates charged on similar matters. [Ex. B at ¶¶ 3, 4 and 7]. Mr. Evans opines that the "typical range of the prevailing market attorney-fee rates for complex federal court litigation in the Eastern District of North Carolina is between $300 and $500 per hour, with a numerical concentration (versus an average) in the lower end of that range." [Ex. B at ¶ 7]. This opinion is consistent with the opinion offered by attorney W. Corey Reiss (median attorney rate of $300). [ECF Doc. 67-8 at ¶ 7]. Moreover, Mr. Evans states that "[t]wo of the most

experienced and expert federal court practitioners I know, both of whom hold specializations and practice not only in our District, but in other Districts in other states as well, and one of whom sat on the bench, each charge around $350 per hour." [Ex. B at ¶ 7].

Likewise, a rate of $350 is consistent with a 2021 ruling made by this Court on a motion for attorneys' fees made in another case involving constitutional claims brought pursuant to 28 U.S.C. § 1983. *See Cannon v. Bald Head* Island, 2021 U.S. Dist. LEXIS 139488 (E.D.N.C 2021). In *Cannon*, this Court found that attorney hourly rates of $300 charged by partner level attorneys are "consistent with the prevailing market rates in the relevant community for the type of work for which [they] seek[] an award." *Id.* at *7 (internal citations omitted).

For the reasons set forth in the declaration of Don T. Evans, Jr. and the affidavit of W. Cory Reiss, and based on the 2021 attorney-rate determination made by this Court, Defendants contend that the prevailing rate for similar work in this district equals $350 per hour. A rate of $350 "is sufficient to induce a capable attorney to undertake the representation" of Plaintiff Nutt in this matter. *Perdue v. Kenny*, 559 U.S. 542, 552 (2010). As such, Defendants respectfully request that the Court determine that $350 per hour is a reasonable rate for attorneys McNamara and Gay.

## **CONCLUSION**

For the foregoing reasons, Defendants contend that the correct lodestar is **$134,503** based on the following reasonable hours expended by each person at the appropriate hourly rate:

| Name | Reasonable Hours | Hourly Rate | Total |
|---|---|---|---|
| R. McNamara | 142.2 | 350 | $49,770 |
| J. Gay | 200.3 | 350 | $70,105 |
| W. Reiss | 5.7 | 300 | $1,710 |
| M Odynski | .2 | 90 | $18 |
| M Harris | 116.5 | 150 | $9,825 |
| K. Morton | 23 | 150 | $3,075 |

Respectfully submitted this the 11th day of March 2024.

        FITZGERALD HANNA & SULLIVAN, PLLC

        /s/ Douglas W. Hanna
        Douglas W. Hanna, NCSB #18225
        3737 Glenwood Avenue, Suite 375
        Raleigh, NC 27612
        Telephone: (919) 863-9091
        Facsimile: (919) 863-9095
        *Attorneys for Defendants*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(f)**

I hereby certify that this response, excluding the case caption, the signature block, and the certificate of service, is in compliance with the word limit.

This the 11th day of March 2024.

/s/ Douglas W. Hanna  
Douglas W. Hanna

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

W. Cory Reiss, Reiss & Nutt, PLLC, wcreiss@reissnutt.com

Robert J. McNamara, Institute for Justice, rmcnamara@ij.org

Joseph Gay, Institute for Justice, jgay@ij.org

This the 11th day of March, 2024.

    /s/ Douglas W. Hanna
Douglas W. Hanna, NCSB #18225